Tsetseranos v. Tech Prototype          CV-93-676-SD   07/26/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Cheryl Tsetseranos

     v.                                          Civil No. 93-676-SD

Tech Prototype, Inc.


O R D E R


     On April 10, 1995, this court issued an order granting
defendant Tech Prototype's motion for summary judgment.
Presently before the court is plaintiff Cheryl Tsetseranos'
motion for reconsideration of that order, which the court treats
as a Rule 59(e), Fed. R. Civ. P., motion to alter or amend
judgment.  Also before the court are defendant's related motion
to strike the affidavit of Colleen Foster and motion for
sanctions.


Discussion

1.  Defendant's Motion to Strike

     In support of her motion for reconsideration, plaintiff
submits the affidavit of Colleen Foster, a paralegal who has been
in contact with the Guardian Life Insurance Company regarding

plaintiff's disability benefits.  Foster states, inter alia, "I have been told by Cheryl, a representative at The Guardian, that it appears that the employer delayed in completing the employer section of the disability claim form."  Affidavit of Colleen S. Foster ¶ 4 (attached to Defendant's Motion to Strike as Exhibit A).

Defendant moves to strike this statement under Rule 56(e), Fed. R. Civ. P., on the ground that it is inadmissible hearsay.[1] The court agrees that statements made to Foster by Guardian representatives are inadmissible hearsay.  Defendant's motion to strike (document 27) is accordingly granted as to paragraph 4 of the Foster affidavit.

2.  Defendant's Motion for Sanctions

Pursuant to Rule 56(g), Fed. R. Civ. P., defendant moves for an award of attorney's fees for having to oppose plaintiff's motion to reconsider.  Defendant contends that such an award is warranted because plaintiff submitted an affidavit in support of

---

[1]Rule 56(e) provides in pertinent part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

her motion "which she knew, or should have known, [was] false." Defendant's Motion ¶ 6.

Rule 56(g) states,

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

"It is axiomatic that sanctions under Rule 56(g) will not be imposed unless the court is convinced that the party employing affidavits was acting in bad faith or solely for the purpose of delay." 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2742, at 564 (1983). Further, in "[t]he rare instances in which Rule 56(g) sanctions have been imposed, the conduct has been particularly egregious." Fort Hill Builders, Inc. v. National Grange Mut. Ins. Co., 866 F.2d 11, 16 (1st Cir. 1989) (citing cases).

The court, having reviewed plaintiff's response to defendant's motion, is not convinced that the challenged portions of plaintiff's affidavit were submitted in bad faith and therefore concludes that an award of sanctions under Rule 56(g)

would be inappropriate.  Defendant's motion for sanctions (document 26) is denied.


3.  Plaintiff's Motion for Reconsideration

Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."[2]  Said rule "may properly be invoked to request a district court to reconsider, vacate, or even reverse its prior holding."  National Metal Finishing Co. v. Barclaysamerican/ Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); Northern Cheyenne Tribe v. Hodel, 842 F.2d 224, 227 (9th Cir. 1988) ("A motion for reconsideration of a summary judgment is appropriately brought under rule 59(e).").

"Rule 59(e) does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."  National Metal Finishing, supra, 899 F.2d at 123.  See also Russell v. Delco Remy, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 59(e) "may not be used to raise novel legal theories that a party had the ability to address in the first instance.").  However, a Rule

---

[2]Plaintiff's motion, filed on April 24, 1995, is timely. See Rule 59(e) and Rule 6(a), Fed. R. Civ. P.

4

59(e) motion is the proper vehicle for asking a court "to modify its earlier disposition of a case because of an allegedly erroneous legal result," Appeal of Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir. 1987), cert. denied, 486 U.S. 1055 (1988), or to reconsider a decision in light of newly discovered evidence or an intervening change in the law, National Metal Finishing, supra, 899 F.2d at 124 n.2.  See also Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90-91 n.3 (1st Cir. 1993) ("Rule 59(e) motions are granted for reasons such as the commission by the trial court of a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law."), cert. denied, ___ U.S. ___, 114 S. Ct. 2133 (1994).

In granting defendant's motion for summary judgment, the court relied in part on the undisputed fact that plaintiff received the same five and one-half months of disability benefits after she was terminated as she would have received had she not been terminated.  Plaintiff now asks the court to reconsider its decision by arguing that her receipt of said disability benefits was "mere happenstance," that defendant did not believe plaintiff would be eligible for those benefits after she was fired, and that defendant did not willingly allow plaintiff to receive

disability benefits after her termination.  Plaintiff's Memorandum at 3-6.

Evidence regarding plaintiff's receipt of disability benefits following her termination was presented and discussed by defendant when it moved for summary judgment.  The arguments plaintiff now makes with respect to her receipt of disability benefits are all arguments that could have and should have been raised at summary judgment.  In addition, plaintiff's failure to make these arguments earlier is not due to the discovery of new evidence or an intervening change in the law.  The remaining arguments submitted by plaintiff are unavailing for the same reasons.

Further, consideration of the arguments raised in plaintiff's motion for reconsideration does not alter the court's prior determination.  The court continues to find that the evidence presented, when viewed in the light most favorable to plaintiff, is insufficient to support a finding that defendant's articulated reasons for terminating plaintiff's employment are a pretext, and that the true reason is discriminatory.  Udo v. Tomes, 54 F.3d 9, 13 (1st Cir. 1995); Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, __ U.S. __, 115 S. Ct. 1958 (1995).

Under these circumstances, plaintiff's motion for reconsideration (document 24) must be and herewith is denied.

SO ORDERED.

 

_____
Shane Devine, Senior Judge
United States District Court

July 26, 1995

cc:  Robert E. Jauron, Esq.
     Randall E. Wilbert, Esq.